**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) | **REDUCE SENTENCE AND MOTION** |
| | ) | **TO APPOINT COUNSEL** |
| vs. | ) | |
| | ) | Case No. 3:16-cr-151 |
| Chad Alan Reed, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Chad Alan Reed's "Motion for Compassionate Release Pursuant to the First Step Act; 18 U.S.C. ss. 3582(c); and 34 U.S.C. ss. 60451(g)[1] Due to COVID-19 Pandemic Concerns" filed on June 22, 2020. Doc. No. 94. The Government responded in opposition to the motion on July 6, 2020. Doc. No. 95. Reed seeks a reduction in his sentence to time served based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA").[2] Reed also moves for the appointment of counsel. Doc. No. 96. For the reasons below, the motions are denied.

**I.    BACKGROUND**

On June 15, 2016, the grand jury returned a one-count indictment against Reed. Doc. No. 1. The indictment charged Reed with conspiracy to possess with intent to distribute and distribute

---

[1] 34 U.S.C. § 60451(g) directs the Attorney General to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60451(g)(1)(A). It is unclear how this statute applies to Reed, who is neither elderly nor terminally ill. See id. § 60451(g)(5)(A) (defining "eligible elderly offender") and § 60451(g)(5)(D) (defining "eligible terminally ill offender").

[2] To the extent Reed requests transfer to home confinement to serve the remainder of his term of imprisonment rather than home confinement as a condition of supervised release, the Court lacks jurisdiction to consider such a motion. See United States v. Williams, No. 3:18-cr-2, 2020 WL 3343009, at *2 (D.N.D. June 18, 2020).

a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Id.  On April 25, 2017, Reed pleaded guilty to the sole count of the indictment pursuant to a plea agreement.  Doc. No. 75.  On January 22, 2018, this Court[3] sentenced Reed to 108 months' imprisonment.  Doc. Nos. 91 and 92.

The Bureau of Prisons ("BOP") placed Reed at FCI Elkton.  Now 39 years old, Reed has a projected release date of September 27, 2025.  Reed claims to have recently been diagnosed with asthma, which has required the use of an inhaler.  Doc. No. 94, p. 1.  He also claims that "[i]n his compromised health position, Reed now routinely catches nearly every cold and virus that he comes in contact with."  Id.

Whether Reed has submitted a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) to the warden at FCI Elkton is somewhat unclear.  In his motion, he mentions a denial of compassionate release by a "Mark Williams" on May 8, 2020, and then references the "attached, Exhibit 'A,' - RIS denial letter."  Id.  No such denial letter is attached, however.  Instead, "Exhibit A" in part consists of a May 8, 2020, "Request to Staff" from Reed to the "Warden or Executive Staff."  Doc. No. 94-1, p. 1.  In the "Request to Staff," Reed mentions his concerns about his health problems and COVID-19 and requests, "Please consider me for compassionate release, as I am a first time, non-violent federal offender and pose no risk to the community if I were granted relief."  Id.  Reed handwrote on the document, "Still no response as of June 14, 2020."  Id.  Elsewhere in his motion, Reed states that he was "denied compassionate release on April 27th, 2020."  Doc. No. 94, p. 1.  The Government attached to its response a June 29, 2020, email from a BOP attorney, which stated that "the institution does not have any record of him

---

[3] The Honorable Ralph R. Erickson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

filing an administrative request for reduction in sentence." Doc. No. 95-1. Reed has not submitted any additional documentation.

II.   **DISCUSSION**

A.   **Motion for Compassionate Release**

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[4] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors also must support the reduction. Id. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

1.   Administrative Exhaustion

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As previously mentioned, whether Reed has actually submitted a request for compassionate release to the warden at FCI Elkton is somewhat murky; however, in the interest of efficiency and justice,

---

[4] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 70 years old and certain additional conditions are met. See 18 U.S.C. § 3582(c)(1)(A)(ii). Reed is 39 years old, so this avenue for relief is foreclosed.

the Court will construe the May 8, 2020, "Request to Staff" as such.  In the "Request to Staff," which was addressed to the "Warden or Executive Staff" and was sent via the prison's TRULINCS system, Reed clearly asked for consideration for compassionate release due to health-related concerns.  See Doc. No. 94-1.  Because 30 days have lapsed since Reed submitted this request for compassionate release, the Court will proceed to the merits.

        2.    <u>Extraordinary and Compelling Reasons</u>

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons."  Instead, Congress has dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including . . . a list of specific examples."  28 U.S.C. § 994(t).  To meet its statutory obligation, the Commission has promulgated USSG § 1B1.13.  The policy statement itself largely mirrors the compassionate release statute's language.  See USSG § 1B1.13(1)-(3).

More pertinent here is Application Note 1 to the policy statement.  So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," the Application Note delineates four instances that demonstrate extraordinary and compelling reasons for compassionate release.  USSG § 1B1.13(2); <u>id.</u> app. n.1.  The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectively.  <u>See id.</u> app. n.1(A)-(C).  Reed does not appear to seek relief on these grounds.[5]  Rather, his motions rest exclusively on subdivision (D)— the catch-all provision.  This subdivision authorizes a sentence reduction when: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

---

[5] Reed does mention his desire to take care of his parents who both have health problems, but such a family circumstance does not qualify under subdivision (C).  <u>See</u> USSG § 1B1.13, app. n.1(C).

compelling reason other than . . . the reasons described in subdivisions (A) through (C)." Id. app. n.1(D).

The Sentencing Commission, currently lacking a quorum, has yet to update § 1B1.13 since Congress amended § 3582(c)(1)(A).  The policy statement still contemplates a motion for compassionate release originating solely from the BOP Director—clearly no longer the case.  See USSG § 1B1.13.  Seizing on this vacuum, several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges.  See, e.g., United States v. Fox, Criminal No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); United States v. Beck, 1:13-CR-186-6, 2019 WL 2716505, at *5-6 (M.D.N.C. June 28, 2019); United States v. Cantu, Criminal Action No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019).  Other district courts disagree.  See, e.g., United States v. Lynn, CRIMINAL NO. 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019); United States v. Gutierrez, No. CR 05-0217 RB, 2019 WL 2422601, at *2-3 (D.N.M. June 10, 2019); United States v. Shields, Case No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019).  Indeed, this Court recently determined that § 3582(c)(1)(A)'s plain language mandates adherence to the policy statement as written.  United States v. Rivera, Case No. 1:16-cr-00239 (D.N.D. Nov. 25, 2019).

Assuming arguendo that the Court possesses the authority to find other extraordinary and compelling reasons, it is unclear whether such a reason for a sentence reduction exists in this case. In Reed's favor, FCI Elkton has suffered one of the worst outbreaks of COVID-19 within BOP facilities, with 139 active cases, nine deaths, and 918 recovered inmates or staff.  BOP: COVID-19 Update, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited July 29, 2020).  Further, the Centers for Disease Control and Prevention have identified moderate-to-

severe asthma and an immunocompromised state as underlying conditions that may lead to a higher risk for severe illness from COVID-19.  See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 29, 2020).  Reed's concerns about COVID-19 may therefore have some merit if substantiated.  Demonstrating that an extraordinary and compelling reason exists is Reed's burden to bear, however, and he has submitted no medical records with his motion.[6]  All in all, the Court need not determine whether the requisite extraordinary and compelling circumstances exist here, as Reed's motion ultimately falls short in other regards.  See United States v. Hylander, No. 18-cr-60017-BLOOM, 2020 WL 1915950, at *2-3 (S.D. Fla. Apr. 20, 2020) (denying compassionate release where 66-year-old defendant had two underlying conditions but failed to show that he did not pose a danger and that § 3553(a) supported release); United States v. Moskop, No. 11-CR-30077-SMY, 2020 WL 1862636, at *2 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where 72-year-old defendant had chronic medical conditions but § 3553(a) counseled against release).

### 3.    Additional Requirements

Even if Reed were to demonstrate an extraordinary and compelling reason for a reduction exists, he has nonetheless failed to demonstrate that he is not a danger to the safety of the community or that he otherwise merits release under the 18 U.S.C. § 3553(a) sentencing factors.  Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community."

---

[6] The Court notes that Reed has purportedly tried multiple times without success to obtain his medical records.  Doc. No. 94-1, p. 4; Doc. No. 94-3, p .1

USSG § 1B1.13(2).   Moreover, this Court must consider the § 3553(a) factors as part of its analysis.   18 U.S.C. § 3582(c)(1)(A).

The Court is not satisfied that Reed's release is consistent with public safety interests or with § 3553(a).   While the Court notes that Reed's criminal history lacks violent and firearm offenses, his lengthy criminal history nonetheless demonstrates an inability to remain law-abiding, including while under supervision.   At sentencing on the instant offense, the Court found that Reed had a criminal history category of VI—the highest category possible.   Doc. No. 80, ¶ 59.   The presentence investigation report lists ten revocations of probation throughout his criminal history. Id. ¶¶ 28 (twice in same case), 32, 36, 42, 46, 49, 53 (three times in same case).   The instant offense also occurred while he was under supervision in another case—the case in which he had three revocations.   Id. ¶ 58.   Lastly, accounting for credit for time served and earned and potential Good Conduct Time, Reed still has over five years of a nine-year sentence to serve.   Ultimately, the need to protect the public, ensure just and adequate punishment, promote deterrence, and avoid unwarranted sentencing disparities outweighs any factor Reed may point to in this case to justify compassionate release.   The applicable § 3553(a) factors, taken as a whole, therefore favor continued incarceration.

### B.      Motion to Appoint Counsel

The Court also declines to appoint Reed counsel.   While the Court has appointed counsel for other inmates seeking compassionate release upon the filing of a motion by the Office of the Federal Public Defender ("FPD"), the appointment of counsel for the purpose of preparing a compassionate release motion is neither required by the Constitution nor by statute.   Such a request has not been made by FPD in this case, and the Court finds that the interests of justice do not require the appointment of counsel for Reed.

7

III.     **CONCLUSION**

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Reed's motion to reduce sentence (Doc. No. 94) and motion to appoint counsel (Doc. No. 96) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court

8