# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:16-cr-151(1) |
| Chad Alan Reed, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Chad Alan Reed moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Doc. 102. The United States opposes the motion. Doc. 105. For the reasons below, the motion is denied.

In 2017, Reed pleaded guilty to drug conspiracy charges. Docs. 67, 68. The presentence investigation report calculated his sentencing range as 151 to 188 months, based on a total offense level of 29 and a criminal history category VI. Doc. 80. He had 19 criminal history points for past convictions, plus an additional 2 status points under United States Sentencing Guideline § 4A1.1(d), for a total of 21 criminal history points. Id. But Reed also faced a statutory mandatory 20-year sentence. Id. He was sentenced to 108 months in prison, below the mandatory minimum. Doc. 91.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." Id. at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." Id. In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826.

Reed generally seeks a sentence reduction under Amendment 821, but he is ineligible for relief. First, the record shows that Reed's sentence was not "based on" the advisory guideline range—it was based on the applicable mandatory minimum of 20 years and reduced from there to 108 months. The United States Supreme Court held in Koons v. United States that defendants whose sentences were "based on their mandatory minimums and on their substantial assistance to the Government" "do not qualify for sentence reductions under § 3582(c)(2) because their sentences were not 'based on' their lowered Guidelines ranges." 138 S.Ct. at 1788. Per Koons, and because Reed's sentence was not "based on" a sentence range later lowered by the Sentencing Commission, he is not eligible for a sentence reduction under § 3582(c)(2).

Second, even if Reed was eligible for a reduction, Parts A and B of Amendment 821 provide no relief. Part A of Amendment 821 provides no relief because it does not lower his sentencing range. This portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Applying the new provision to Reed, he would receive 1 status

point instead of 2, reducing his total criminal history points from 21 to 20. But even with 20 criminal history points, Reed remains squarely within criminal history category VI. So, his sentencing range is unaffected by the status point reduction, and Part A provides no relief.

As to Part B, this portion of Amendment 821 provides an offense level reduction for "zero-point" offenders, who are offenders with no criminal history points. See U.S.S.G. § 4C1.1(a). Reed received 21 scoreable criminal history points and is not a zero-point offender. So, he is not eligible for a sentence reduction under Part B of Amendment 821.

After extensive review the entire record and the relevant legal authority, Reed's motion to reduce sentence (Doc. 102) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court